UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DENNIS NOLAN BRITT,

    Plaintiff,

v.                                                      Case No: 5:21-cv-128-GKS-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees ("Motion"). (Dkt. 47.) Plaintiff moves the Court to award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons that follow, the Court recommends that the Motion be granted.

On March 2, 2021, Plaintiff filed this action seeking review of the Commissioner's decision denying Plaintiff disability benefits. (Dkt. 1.) On November 9, 2021, the Court entered an order reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 45.) Judgment was entered in Plaintiff's favor the following day. (Dkt. 46.) On January 25, 2022, Plaintiff filed this Motion for attorney's fees as

the prevailing party in this action. (Dkt. 47.) The Commissioner does not oppose the requested relief. (Dkt. 47 at 3.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the undersigned recommends that Plaintiff is entitled to an award of attorney's fees in this case. First, Plaintiff is the prevailing party after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, Plaintiff's Motion, which was filed on January 25, 2022, is timely. This case was remanded upon order of this Court on November 9, 2021, and a final judgment was entered the following day. (Dkts. 45, 46.) Under Federal Rule of Appellate Procedure 4(a)(1)(B) and 4(a)(4)(A)(iv), both parties had sixty days to file an appeal. The Motion was filed less than thirty days after the judgment became final. Additionally, the Commissioner does not dispute the timeliness of the Motion.

Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the undersigned does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In the Motion, Plaintiff requests an attorney hourly rate of $212.05 per hour for 18.3 hours of work performed in 2021 and 2022 by two attorneys. (Dkt. 47.) The Commissioner does not object to the requested rates. Drawing on the Court's

expertise, the undersigned finds that the requested rate is the prevailing market rate in the legal community for similar services provided by attorneys of comparable skill, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Additionally, upon consideration of the Bureau of Labor Statistics Consumer Price Index ("CPI"), the undersigned finds that cost of living adjustments justify a fee above the $125 per hour statutory rate. *See Donnelly v. Saul*, No. 8:20-cv-614-CPT, 2021 WL 1737448, at *3 (M.D. Fla. May 3, 2021) (relying on the CPI to find that a deviation from the EAJA statutory rate is justified). Therefore, the undersigned recommends that the requested rates are reasonable and permissible under the EAJA. *See Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (explaining the 2-step analysis for the Court to award EAJA fees in excess of the statutory rate).

Plaintiff seeks fees for 1.3 hours of work performed by attorney Richard A. Culbertson and 17.0 hours of work performed by attorney Sarah P. Jacobs. (Dkt. 47 at 6.) The Commissioner reviewed the Motion and does not object to the hours expended. The undersigned therefore recommends that these hours were reasonably expended on this matter.

Finally, Plaintiff requests that the fee award be paid directly to his attorneys if he does not owe a debt to the government. (Dkt. 47 at 2.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to

- 5 -

the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). Plaintiff assigned his award to his attorney. (Dkt. 47-1.) Therefore, the award may be payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Unopposed Motion for Attorney's Fees (Dkt. 47) be **GRANTED**.
2. Plaintiff be awarded attorney's fees in the amount of $3,880.51 under the EAJA.
3. The fees awarded be payable directly to Plaintiff's counsel if Plaintiff does not owe a debt to the federal government.

**IT IS SO REPORTED** in Tampa, Florida, on January 27, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable G. Kendall Sharp
Counsel of Record